# Exhibit 3

2020 WL 13547186
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Aline ANUNCIATO, et al., Plaintiffs,
v.
Donald J. TRUMP, et al., Defendants.

Case No. 20-cv-07869-RS
|
Signed December 23, 2020

**Attorneys and Law Firms**

Jeff Dean Joseph, Pro Hac Vice, Aaron Clarke Hall, Pro Hac Vice, Joseph and Hall P.C., Aurora, CO, Charles H. Kuck, Pro Hac Vice, Kuck Immigration Partners LLC, Atlanta, GA, Jesse Adam Lloyd, Bean and Lloyd, LLP, Oakland, CA, for Plaintiffs.

Valerie Elizabeth Smith, United States Attorney's Office, San Francisco, CA, for Defendants.

### ORDER DENYING MOTION TO TRANSFER

RICHARD SEEBORG, United States District Judge

### I. INTRODUCTION

*1 Plaintiffs challenge Presidential Proclamations 10014 and 10052, which have suspended essentially all immigration into the United States since April 23, 2020. Government Defendants seek to transfer this case to the District of Columbia where a large consolidated case, captioned *Gomez v. Trump*, No. 20-cv-01419 (APM), is also considering the lawfulness of those Proclamations. They argue that transfer, or alternatively a stay, is warranted pursuant to the first-to-file-rule or under 28 U.S.C. § 1404(a). Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing scheduled for January 14, 2021 is vacated. For the reasons set forth below, the motion is denied.

### II. BACKGROUND

Presential Proclamation 10014, entitled *Proclamation Suspending Entry of Immigrants Who Present Risk to the U.S. Labor Market During the Economic Recovery Following the COVID-19 Outbreak*, was issued on April 22, 2020 for an initial period of sixty days. It halted essentially all permanent immigration to the United States, excepting those whose entry would be in the national interest. On June 22, 2020, Presidential Proclamation 10052, *Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market Following the Coronavirus Outbreak*, extended the effects of the earlier Proclamation to both immigrants and nonimmigrants through December 31, 2020.

The Plaintiffs in this case are over two hundred individuals, the processing of whose visas have been halted by the Presidential Proclamations. Specifically, Plaintiffs are pursuing visas in the Family Preference, Immediate Relative, Employment Sponsored, and Diversity (for fiscal years 2020 and 2021) categories. They assert two legal theories to support their challenge: (1) issuance of the Proclamations was *ultra vires* conduct in excess of the authority of the executive branch under sections 212(f) and 215(a) of the INA, codified at 8 U.S.C. §§ 1182(f), 1185(a); and (2) the agency action implementing the Proclamations was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and "without observance of procedure required by law," 5 U.S.C. § 706(2)(C) – (D), in violation of the Administrative Procedure Act ("APA").

The *Gomez* action encompasses 1,067 plaintiffs pursuing family-based; diversity (for fiscal year 2020); employment-based; and nonimmigrant work, exchange, and intracompany transfer visas. In that case, the plaintiff groups, originally in five separate cases, argue variously that (1) the Proclamations are *ultra vires* and violate the separation of powers between the legislative and executive branches; (2) the statutory authority for the Proclamation, 8 U.S.C. § 1182(f), violates the nondelegation doctrine; (3) the agency's implementation violates the APA; and (4) the Proclamations violate the Take Care Clause, the Due Process Clause, and the Equal Protection Clause of the Constitution.

### III. LEGAL STANDARD

#### A. First-to-File
*2 The first-to-file rule empowers district courts to transfer, stay, or dismiss a case when it concerns substantially similar parties and issues as does as an action previously filed in another district. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss.,*

*Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). In determining whether to apply the rule, courts concentrate on three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. *Id.* at 1240. The parties and the issues need not be identical for the rule to apply. *Id.*

"The most basic aspect of the first to file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Accordingly, the Ninth Circuit has afforded district courts "an ample degree of discretion" in determining whether application of the rule results in "conservation of judicial resources and comprehensive disposition of litigation." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

Though it "should not be disregarded lightly," it "is not a rigid or inflexible rule to be mechanically applied." *Id.* There are several recognized, equitable exceptions: bad faith, anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 628. Consequently, courts may decline to apply the rule even when all three requirements are met. *Landscape Specialists, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2020 WL 968693, at *3 (N.D. Cal. Jan. 8, 2020).

### B. 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer venue requires courts to balance, among other factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties and witnesses, and (3) the location of the evidence. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 – 99 (9th Cir. 2000). None of the factors are dispositive. *Ctr. for Biological Diversity v. Kempthorne*, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org. Inc. v Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart*, 487 U.S. at 29.

### IV. DISCUSSION

#### A. First-to-File

Equitable concerns mandate that the first-to-file rule not be applied in this case despite the fact that *Gomez* was earlier filed. Even assuming the parties and issues share substantial similarity, the government offers no compelling reasons to transfer this case. Instead, the decision to bring motions to transfer this case and *Young v. Trump*, No. 20-cv-07183 (EMC) ("*Young*"), but not in *National Association of Manufacturers et al. v. United States Department of Homeland Security et al.*, No. 20-cv-04887 (JSW) ("*NAM*"), only after the decision in *Gomez* was in part favorable to the government smacks of forum shopping in its most obvious form. Nonetheless, Defendants insist that *this* transfer would maximize economy, consistency, and comity, the policy goals buoying the first-to-file rule. *See Kohn*, 787 F.3d at 1240. They emphasize the potential for duplicative litigation and inconsistent judgments should the case remain in this district. They ignore, however, the fact, as noted above, that not one but two other cases challenging the same Presidential Proclamations are currently underway in this very district – *Young* and *NAM*.

**\*3** The earlier-filed cases in this district have already considered similar legal challenges brought by similar groups of plaintiffs pursuing many of the same categories of visas.[1] Significantly, as the court in *NAM* noted, application of the controlling law developed in the Ninth and D.C. Circuits may mandate different outcomes on the question of the President's authority under 8 U.S.C. § 1182(f). Therefore, any concerns about inconsistent judgments are misplaced – our system encourages the independent development of law in each circuit and, consequently, percolation of those results up to the Supreme Court for ultimate decision if necessary. This district is equipped to grapple with the questions presented and has already done so twice. None of the goals of economy, consistency, or comity would be served by a mechanical application of the first-to-file rule.

[1] The government's concern about the potential for duplicative litigation should be additionally quelled by the determination of Judge White, the presiding judge in *NAM*, that even *NAM* and *Young* were not related enough to warrant reassignment of *Young* to him. *See* 20-cv-04887, Dkt. No. 102. Civil Local Rule 3-12 allows courts in this district to relate and reassign cases which "concern substantially the same parties, property, transaction or event" where "[i]t appears likely that there will be an unduly burdensome duplication of labor and expensive or conflicting results if the cases

are conducted before different judges." Unlike in the District of Columbia where five separate actions were consolidated under Judge Mehta in *Gomez*, Judge White declined the invitation. In so doing, he signaled the propriety of case-by-case consideration of the lawfulness of the Proclamations as applied to various groups of visa applicants.

### B. 28 U.S.C. § 1404(a)

Though the District of Columbia is likely a proper venue in which this suit could have originally been brought, it will not now be transferred there. Defendants do not dispute that this district is also a proper venue. Under 28 U.S.C. § 1391(e)(1), when the defendant is an officer or employee of the United States, venue is proper in any judicial district in which "a plaintiff resides if no real property is involved in the action." Instead, Defendants again make the argument that the similarity of issues counsels in favor of transfer. Additionally, they assert that this venue is inconvenient for the parties and that all the decision making central to this case took place in the District of Columbia.

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants ask us to disturb Plaintiffs' choice of forum on the grounds that only four of the over two hundred Plaintiffs reside here and that none of the Defendants live or discharge their duties here.[2] They encourage "Plaintiffs' selection [of forum] in this case should be scrutinized," insinuating a sinister motive on the Plaintiffs' part to select a forum in which so few individual Plaintiffs reside. *See* Motion at 13. As Plaintiffs argue, this point should be given no weight. These two-hundred odd Plaintiffs, spread out as they are around the country and the world, chose to participate in this action in this district.

[2] Defendants also endeavor to argue that Plaintiffs would not be inconvenienced by a transfer to the District of Columbia in part because counsel in this case also represent plaintiffs in actions consolidated with *Gomez*. This fact is of marginal relevance if any.

Furthermore, Defendants' reliance on the proposition that Plaintiffs' choice should be given less weight because the challenged decision making occurred in the District of Columbia is similarly misplaced. While it may be true that less deference is appropriate where the conduct out of which the case arises occurred in a different forum, for APA cases where the decision making process occurred, Defendants have not demonstrated what great inconvenience will follow adjudication of this matter in this district. *See Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013); *Gulf Restoration Network v. Jewell*, 87 F.Supp.3d 303, 313 (D.D.C. 2015). Any administrative record in this case would be produced electronically in any event and any witnesses, depositions, or other live discovery can take place telephonically or by videoconference in light of the pandemic conditions. Therefore, discretion counsels against disturbing Plaintiffs' selection.

### V. CONCLUSION

**\*4** For the reasons set forth above, the motion is denied. Though the hearing on this motion is no longer necessary, arguments on the Motion for Preliminary Injunction (Dkt. No. 17) and Motion to Certify Class (Dkt. No. 24) will be heard on January 22, 2021 at 10:00 am.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 13547186

---