IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN CLARKE, ET AL., | § | NO. 1:22-CV-909-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMODITY FUTURES TRADING | § | |
| COMMISSION, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) DENYING WITHOUT PREJUDICE SUBJECT TO REURGING
MOTION TO TRANSFER VENUE; (2) DENYING WITHOUT PREJUDICE
SUBJECT TO REURGING MOTION TO DISMISS;
(3) NOTING THE CONSTRUCTIVE DENIAL OF MOTION FOR
PRELIMINARY INJUNCTION; AND (4) DENYING AS MOOT MOTION TO
EXPEDITE HEARING ON MOTION FOR PRELIMINARY INJUNCTION

The matters before the Court are: (1) Defendant Commodity Futures Trading Commission's ("CFTC") Opposed Motion to Transfer Venue (Dkt. # 8); (2) CFTC's Motion to Dismiss (Dkt. # 19); (3) Plaintiffs Kevin Clarke et al.'s Motion for Preliminary Injunction (Dkt. # 12); and (4) Plaintiffs Motion to Expedite Hearing on Motion for Preliminary Injunction (Dkt. # 23). Based on the following, the Court will **DENY WITHOUT PREJUDICE SUBJECT TO REURGING** the motion to transfer venue, **DENY WITHOUT PREJUDICE SUBJECT TO REURGING** the motion to dismiss, **NOTE THE**

**CONSTRUCTIVE DENIAL** of the motion for preliminary injunction, and **DENY AS MOOT** the motion to expedite hearing.

## FACTUAL BACKGROUND

In 2014, Victoria University of Wellington, New Zealand ("Victoria University") began operating an online market for political-event contracts (the "Market"). (Dkt. # 15 ¶ 1.) On October 29, 2014, the CFTC's Division of Market Oversight ("DMO") issued Victoria University a "No-Action Letter" regarding Victoria University's creation of a "small-scale, not-for-profit, online market for event contracts in the U.S. for educational purposes." (Dkt. #15-1 at 2–3.) Victoria University intended to operate two submarkets—one for political event contracts and the other for economic indicator contracts—and proposed to utilize the results of the market information derived from trading in these contracts for educational and research purposes. (Id. at 3.) Based on Victoria University's representations, the DMO stated it would not recommend the CFTC take any enforcement action in connection with the operation of the proposed market. (Id. at 6.) The No-Action Letter stated it was based on the information provided to the DMO and was subject to the conditions stated in the letter. (Id.) It also stated the no-action position represented only the views of the DMO and did not necessarily represent the CFTC's views. (Id.) The DMO also retained "authority to condition

further, modify, suspend, terminate or otherwise restrict the terms of the no-action relief provided herein, in its discretion." (Id. at 7.)

On August 4, 2022, the DMO withdrew the No-Action Letter, stating that Victoria University had not operated its market in compliance with the nine conditions of the No-Action Letter. (Dkt. #15-2 ("Withdrawal Letter").) The Withdrawal Letter stated that if Victoria University was operating any contract markets subject to the No-Action Letter, "all of those related and remaining listed contracts and positions comprising all associated open interest in such market should be closed out and/or liquidated no later than 11:59 p.m. eastern on February 15, 2023." (Id. at 3.)

Plaintiffs are: (1) American individual investors in Victoria University's Market, (2) American university professors who used the Market as a data source, and (3) two U.S. corporate entities that service the Market. (Dkt. # 15 at ¶¶ 5, 6, 26, 27.) Notably, Victoria University is not a party to the suit. (Id. at ¶ 25.) Plaintiffs allege they have been harmed by the withdrawal of the No-Action Letter and assert claims under the Administrative Procedures Act ("APA"). (Id. at ¶¶ 75–89.) They contend the withdrawal was arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A) and constitutes the withdrawal of a license without written notice or opportunity to demonstrate or achieve compliance in violation of 5 U.S.C. §§ 506 and 706. (Id.)

3

PROCEDURAL BACKGROUND

On September 9, 2022, Plaintiffs filed suit in this Court. On September 20, 2022, CFTC filed an opposed motion to transfer venue in this case. (Dkt. # 8.) On September 30, 2022, Plaintiffs filed a motion for preliminary injunction. (Dkt. # 12). On October 28, 2022, CFTC filed a motion to dismiss Plaintiffs' claims. (Dkt. # 19.) On November 18, 2022, the District Judge originally assigned to this action[1] referred the pending motion to transfer venue and motion to dismiss to Magistrate Judge Mark Lane. (Dkt. # 22.) All pending motions thereafter became ripe. Meanwhile, because no action or briefing schedule had been set on the pending motion for preliminary injunction, on November 18, 2022, Plaintiffs filed a motion to expedite hearing and resolution of their motion for preliminary injunction. (Dkt. # 23.)

On December 12, 2022, Magistrate Judge Lane issued his Report and Recommendation (the "Report") on CFTC's motion to transfer venue. (Dkt. # 31.) Magistrate Judge Lane carefully considered the parties arguments and recommended that the District Court transfer venue of this case to the District of Columbia. (Id.) Given his recommendation to transfer venue, Judge Lane did not make any decision on the merits of CFTC's motion to dismiss. (See id.)

---

[1] The case was not transferred to the undersigned until April 27, 2023. (Dkt. # 37.)

On December 23, 2022, Plaintiffs filed a Notice of Appeal in this case, notifying the Court that they have appealed the "constructive denial of Plaintiffs' Motion for Preliminary Injunction" to the Fifth Circuit Court of Appeals. (Dkt. # 32.) On January 26, 2023, the Fifth Circuit granted Plaintiffs' opposed motion for injunction pending the appeal. (Dkt. # 36.) On February 8, 2023, a three-judge panel of the Fifth Circuit heard oral argument on the merits of the appeal of the injunction in this case. (See Fifth Circuit COA Case No. 22-51124.) As of the date of this Order, the decision is still pending with the Fifth Circuit.

Notably, on April 27, 2023, this case was transferred to the undersigned who has now taken a full review of the matters pending in this case. Based on that review, the Court issues the following rulings.

## DISCUSSION

Currently pending before the Court are CFTC's motion to transfer venue and motion to dismiss. (Dkts. ## 8, 19.) Although the appeal to the Fifth Circuit divests the Court of jurisdiction to consider the motion for preliminary injunction, the Court can still consider the pending motions to transfer and to dismiss. The Fifth Circuit has instructed that "[a] notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction

5

over those aspects of the case on appeal." See Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007) ("[W]here an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal.").

### A. Motion to Transfer Venue

As discussed, Magistrate Judge Lane recommended the case be transferred to the District of Columbia. (Dkt. # 31.) Nevertheless, given the now-complicated procedural stage of this case—interlocutory appeal to the Fifth Circuit—the Court declines any transfer at this time. Subsequent to the Fifth Circuit's ruling in this case, CFTC may file an amended motion should it still argue that venue should be transferred. In the meantime, the Court will **DENY WITHOUT PREJUDICE SUBJECT TO REURGING** CFTC's motion to transfer venue. (Dkt. # 8.)

### B. Motion to Dismiss

CFTC's motion to dismiss argues that pursuant to Rule 12(b)(1), the Court does not have jurisdiction to consider Plaintiffs' APA claims because the Withdrawal Letter was not a "Final Agency Action." (Dkt. # 19 at 16.) The CFTC also asserts that Plaintiffs' claims also fail because the challenged conduct is unreviewable as "committed to agency discretion by law," citing 5 U.S.C.

§ 701(a)(2).  (Dkt. # 19 at 21–22.)  CFTC also contends that various named Plaintiffs lack Article III standing because they are not beneficiaries of the challenged No-Action Letter.  (Id. at 22–23.)

Again, given the complicated procedural status of this case given the pending interlocutory appeal to the Fifth Circuit, the Court finds that best course of action at this stage is to **DENY WITHOUT PREJUDICE SUBJECT TO REURGING** CFTC's motion to dismiss.  (Dkt. # 19.)  CFTC may file an amended motion to dismiss after the Fifth Circuit rules on the matters pending before it.

C. Motion for Preliminary Injunction

The Court notes that the motion for preliminarily injunction now appears to be constructively denied, given the former District Judge's inaction on the motion, and the Fifth Circuit's consideration on the merits of Plaintiffs' arguments on the motion.  Therefore, the Court **INSTRUCTS** the Clerk to terminate the pending motion for preliminary injunction (Dkt. # 12), and notate on the docket that it was constructively denied, with reference to Plaintiffs' Notice of Appeal (Dkt. # 32).  The Court will thus **DENY AS MOOT** Plaintiffs' motion to expedite hearing and resolution of Plaintiffs' motion for preliminary injunction (Dkt. # 23).

CONCLUSION

Based on the foregoing, the Court: (1) **DENIES WITHOUT PREJUDICE SUBJECT TO REURGING** CFTC'S Opposed Motion to Transfer Venue (Dkt. # 8); (2) **DENIES WITHOUT PREJUDICE SUBJECT TO REURGING** CFTC's Motion to Dismiss (Dkt. # 19); (3) **INSTRUCTS** the Clerk to terminate Plaintiffs' Motion for Preliminary Injunction (Dkt. # 12) and notate on the docket that it was constructively denied, with reference to Plaintiffs' Notice of Appeal (Dkt. # 32) and (4) **DENIES AS MOOT** Plaintiffs' Motion to Expedite Hearing on Motion for Preliminary Injunction (Dkt. # 23.)

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 12, 2023.

_____
David Alan Ezra
Senior United States District Judge