IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN CLARKE, ET AL., | § | NO. 1:22-CV-909-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMODITY FUTURES TRADING | § | |
| COMMISSION, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER DENYING MOTION TO STAY TRANSFER ORDER

The matter before the Court is Plaintiffs' Motion to Stay Transfer Order filed on January 20, 2024. (Dkt. # 63.) Defendant Commodity Futures Trading Commission ("CFTC") filed a response in opposition on January 24, 2024. (Dkt. # 65.) After careful consideration of the matters raised in the motion, the Court will **DENY** a stay of this Court's transfer order because the Court no longer has jurisdiction in this case to grant such a request.

BACKGROUND

The background facts of this case are fully discussed in the Court's Order Granting Motion to Transfer Venue of this case to the U.S. District Court for the District of Columbia. (Dkt. # 61.) In that Order, filed on January 16, 2024, the Court transferred venue of this case to the D.C. District because the Court

determined that the public interest factors weighed heavily in favor of a transfer to that district. (Id.) Thereafter, the Clerk of Court transferred this case to the D.C. District Court and the case was terminated in this district.

On January 20, 2024, Plaintiffs filed the instant motion to stay that transfer on the basis that they intended to file a petition for writ of mandamus to the Fifth Circuit Court of Appeals, seeking to reverse this Court's decision to transfer the case. (Dkt. # 63.) Plaintiffs ask the Court for a stay of fourteen days to file that writ. (Id.) The CFTC opposes any stay, and the Court ordered the CFTC to submit supplemental expedited briefing on this issue. (Dkt. # 64.) On January 24, 2024, the CFTC filed its response in opposition. (Dkt. # 65.)

## ANALYSIS

It is well-settled in the Fifth Circuit "that a transfer to another circuit removes the case from our jurisdiction." In re Red Barn Motors, Inc., 794 F.3d 481, 484 (5th Cir. 2015). When case files are "transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." Bustos v. Dennis, No. SA-17-CV-39, 2017 WL 1944165, at *2 (W.D. Tex. May 8, 2017) (quoting Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC, No. 4:13-CV-705, 2015 WL 1517524, at *1 (E.D. Tex. Apr. 2, 2015)).

Here, the Court finds that it lacks jurisdiction to stay the Order transferring this case to the D.C. District. As stated, the Court granted the motion to transfer on January 16, 2024, and transferred the case that same day. (See Dkt. # 61.) The case was docketed in the transferee court on January 19, 2024. (See Case No. 1:24-cv-167-JMC (D.D.C.).) As such, on that date, the Court lost jurisdiction over the case. In re Red Barn Motors, 794 F.3d at 484. The Court shall therefore deny Plaintiff's motion to stay because it lacks jurisdiction over the case.

Although the Court is sympathetic to this procedural hurdle that Plaintiffs may now face in seeking review of the Court's transfer order, see Def. Distributed v. Bruck, 30 F.4th 414 (5th Cir. 2022), Plaintiffs could have requested in their response briefing that should the Court determine that a transfer was warranted pursuant to 28 U.S.C. § 1404(a), the Court stay the transfer until such time as the Fifth Circuit could review the order. But without any such request before it, there is no authority holding that a district court must stay its own decision to transfer a case to a different district. Furthermore, the Court notes that the Order transferring the case was docketed on January 17, 2024, at 8:24AM CST. (Dkt. # 61.) Plaintiffs did not file their Notice of Intent to File a Motion to Stay Transfer until over two days later on Friday, January 19, 2024, at 9:25AM CST (Dkt. # 62), and their full Motion to Stay Transfer Order until the next day,

Saturday, January 20, 2024, at 1:42PM CST (Dkt. # 63.)  These documents were filed after transfer to the D.C. District had already occurred.  And, given the Court's reporting system, the Court was not made aware that any such Notice or Motion was filed until the morning of January 22, 2024.  It is simply too late now for the Court to grant a stay in this case.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Stay Transfer Order.  (Dkt. # 63.)

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, January 25, 2024.

_____
David Alan Ezra
Senior United States District Judge