IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KEVIN CLARKE, TREVOR BOECKMANN, HARRY CRANE, CORWIN SMIDT, PREDICT IT, INC., ARISTOTLE INTERNATIONAL, INC., MICHAEL BEELER, MARK BORGHI, RICHARD HANANIA, JAMES MILLER, JOSIAH NEELEY, GRANT SCHNEIDER, and WES SHEPHERD,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMODITY FUTURES TRADING COMMISSION,<br><br>*Defendant*. | Civil Docket No. 1:22-cv-00909-DAE<br><br>The Honorable David Alan Ezra |

**PLAINTIFFS' MOTION FOR THIS COURT TO REQUEST RETURN OF THE CASE FROM THE DISTRICT OF COLUMBIA AND INTEGRATED REQUEST FOR EXPEDITED TREATMENT; RENEWED MOTION FOR STAY OF TRANSFER ORDER; AND REPLY IN SUPPORT OF SUCH STAY**

The Plaintiffs respectfully request that the Court take steps to pause the transfer of this case to the federal courts of our Nation's capital, including by requesting the return of the case to this Court, pending appellate review. The Government's arguments against allowing time for appellate review of the transfer order are flawed. And they should not stand in the way of actions to ensure that the case is in the jurisdiction of this Court, while the Fifth Circuit weighs in on the transfer question.

This Court explained in an order hours ago that all clerk actions of this Court to transfer the case to Washington were completed on January 16, 2024, before the transfer order was publicly revealed on this Court's docket. ECF 66 at 3. Plaintiffs thus respectfully move this Court to request return of the case to this Court. The Court should then stay the transfer order pending

1

appellate review. Multiple appellate courts, across the country, have held that the correct course of action is to pause a transfer out of the jurisdiction of a circuit court to permit the non-moving party to seek appellate review and, to the extent any transfer happened so quickly and automatically after the transfer order to precede a request for stay, to request return of the case.

To allay any concerns about requesting return of the case and then staying transfer, the second section of this motion responds to the Government's arguments that the merits of the transfer decision counsel against pausing completion of the transfer. As demonstrated below, the transfer order in this case raises substantial questions on which the Fifth Circuit should have an opportunity to rule.

The Plaintiffs further respectfully request expedited treatment of this renewed motion and that the Court require a response from the Government by Monday, January 29, 2024.

I. **As a Matter of Procedure, the Court Should Promptly Seek Return of the Case from Washington and Stay the Transfer Order.**

The Court's order entered today suggests that the administrative steps of transferring the case to Washington have been completed. ECF 66.[1] If that is so, the Court should request return of the case and then stay its transfer order pending mandamus review. Doing so would implement "the better practice, codified in some local district court rules, . . . to stay the effect of transfer orders for a sufficient period to enable appellate review to be sought." Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.).

The Eighth Circuit has explained at length that "physical transfer of the file should be delayed for a period of time after entry of the transfer order so that review may be sought in the

---

[1] The parties are not privy to any communications between the clerk's office of this Court and that of the federal court in Washington, D.C. Plaintiffs thus are relying solely on this Court's order of today for the indication that transfer had been completed.

transferor circuit." *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982). The Court further explained that, if the physical transfer occurred quickly, the correct course is for the district court promptly to request return of the file once notified of the prospect of appellate review. *Id.* at 244. Indeed, the Court granted mandamus for a district court not promptly seeking return once notified that appellate review would be sought. *Id.* Requesting return is a matter of judicial administration, not some weighing of the chances of appellate review, because "the better procedure is to hold up the transfer for a reasonable time pending possible petition for reconsideration or review." *Id.* at 243 (quoting with approval *Technitrol, Inc. v. McManus*, 405 F.2d 84, 86 (8th Cir. 1968)).

The Eighth Circuit's explanation is right in line with Fifth Circuit precedents, which observe that it is proper to request return of a case to facilitate appellate review and to use mandamus to force such requests when a district court is unwilling. *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 & n.6 (5th Cir. 2015) (collecting cases approving of mandamus requiring "the transferor district court to request that the transferee district court return the case"); *Def. Distributed v. Bruck*, 30 F.4th 414, 424 (5th Cir. 2022) (granting petition for writ of mandamus and ordering district court to vacate transfer order and request transferee court to return the transferred case to the Western District of Texas).

This practice makes sense. Had the Government's motion to transfer been denied, the Government would have had the ability to weigh seeking mandamus review of that order. The same should be true for orders granting transfer. As the Fifth Circuit explained in *Defense Distributed*, "the fact that the district court here granted the transfer, rather than denying it, makes no difference." 30 F.4th at 426.

Contrary to the impression left by the Government's discussion of the Fifth Circuit's decisions in the *Defense Distributed* cases (ECF 65, Opp. at 5), district court requests to return

transferred cases are routinely granted as a matter of comity, even without Circuit Court involvement. *See, e.g.*, *In re Nine Mile Ltd.*, 692 F.2d 56, 58 (8th Cir. 1982) (noting that the transferee court promptly honored the request to return the case); *CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, No. 5:05-CV-221, 2005 WL 8159381, at *1 (N.D. Tex. Dec. 22, 2005) (transferring case back to the Eastern District of Missouri, stating that "[t]his Court will not stand in the way of another district court attempting to correct what it believes to have been an error made while the case was under its jurisdiction"); *Fine v. McGuire*, 433 F.2d 499, 500 & n.1 (D.C. Cir. 1970) (request granted returning case from District of Maryland to District of Columbia); *Billings v. Ryze Claim Solutions, LLC*, No. 1:19-cv-01038, ECF No. 120 (E.D. Ca. Jan. 27, 2021) (order granting request for retransfer to the Southern District of Indiana in accordance with Seventh Circuit mandate in *In re Ryze Claims Solutions, LLC*, 968 F.3d 701 (7th Cir. 2020)); *Warrick v. General Electric Co.*, No. 3:95-cv-01661, ECF No. 4 (M.D. Pa. Dec. 11, 1995) (order granting request for retransfer to the District of Connecticut in accordance with Second Circuit mandate in *In re Warrick*, 70 F.3d 736, 737 (2d Cir. 1995)); *see also Herman v. Cataphora Inc.*, No. 3:12-CV-04965, 2013 WL 275960, at *2 (N.D. Cal. Jan. 24, 2013) (granting transfer back to Eastern District of Louisiana because "[a] grave miscarriage of justice would result if an administrative glitch were to deprive the Plaintiffs of an opportunity to seek appellate review in the transferor circuit").

In fact, *Defense Distributed* appears to be the only case where a transferee court refused a request to retransfer a case to the original district. *See Def. Distributed v. Platkin*, 48 F.4th 607, 608 (5th Cir. 2022) (Ho, J., concurring) ("[W]e're unsurprised that such courtesy [to honor retransfer requests] appears to be routine practice in district courts nationwide. In fact, we're unaware of any district court anywhere in the nation to have ever denied such a request. The

parties admit they have not found any."). Importantly, the course of events in *Defense Distributed* is all the more reason for this Court to act quickly and request return to facilitate appellate review. It would be an understatement to say that the Fifth Circuit was not pleased with the interplay between the district courts that prevented its views on transfer from having effect. *Id.*[2] If this Court can avoid a repeat of those circumstances, it should—indeed must—do so.

## II. The Transfer in this Case Raises Substantial Questions, Such That a Request to Return the Case to this Court and Stay of Transfer Is Warranted.

Regarding the substantive propriety of actions to pause the transfer and allow appellate review, the Government argues only that the Plaintiffs are unlikely to succeed on their forthcoming mandamus petition. Opp. at 7-10.

As an initial matter, the Government's arguments regarding likelihood of success are not directed at the correct inquiry. District and Circuit Courts pausing transfer orders to permit appellate or mandamus review—or directing the request of the case's return to facilitate that review—have acted because it is the correct procedure as a matter of judicial administration, without regard to the likelihood a reviewing court ultimately will reverse the transfer order. *See*, *e.g.*, *In re Nine Mile Ltd.*, 673 F.2d at 243 (as a matter of procedure, requiring the district court to request return of a case transferred to a district court in another circuit so as not to pretermit appellate review in the transferor circuit without review of likelihood of appellate success); *In re*

---

[2] In addition to being a significant departure from the comity that generally honors a request to return as a matter of course, the New Jersey court in *Defense Distributed* noted unique circumstances, including that the Plaintiffs had filed a related action in the District of New Jersey and consented to consolidation of that action with the action that had been transferred from the Western District of Texas (both of which involved the constitutionality of actions taken under New Jersey law) without opposition. *See Def. Distributed v. Platkin*, 617 F. Supp. 3d 213, 223–25 (D.N.J. 2022). Here, the Plaintiffs have not filed an action in the D.C. District Court and this case does not involve review of D.C. law.

*Nine Mile, Ltd.*, 692 F.2d at 59–61 (as a matter of substance, after proper procedures were honored and district court requested return of case, upholding the transfer order, clearing the way for an ultimate transfer). In any event, the transfer order is not a judgment or other order coercing action; it is akin to a stay of further proceedings pending review. And the Government does not contest that courts regularly stay proceedings—in these very circumstances—pursuant to their inherent docket-control powers, without any reference to likelihood of success. ECF 63, Mot. at 1-2 (collecting cases). Even if that were not the case, the Fifth Circuit has repeatedly affirmed (including after decisions like *Nken v. Holder*, 556 U.S. 418 (2009) and *NRDC v. Winter*, 555 U.S. 7 (2008)) that a stay may issue not only when there is a likelihood of success, but also when a party presents "a substantial case on the merits" concerning a "serious legal question." *See Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014); *Texas v. United States*, 50 F.4th 498, 531 (5th Cir. 2022).

The Plaintiffs have undeniably cleared that hurdle here. Mot. at 3-5. This case raises serious legal questions that the Fifth Circuit should have a chance to review. They include questions regarding where cases challenging government actions having nationwide effect should be heard and questions regarding the Government's efforts to avoid further Fifth Circuit enforcement of the legal principles set forth in its substantive opinion touching all corners of the merits of this case.

"Plaintiffs get to choose where to file their lawsuits from multiple permissible forums. In suits against the federal government, Congress authorizes plaintiffs to bring suit in their district of residence." *Texas v. Garland*, No. 5:23-CV-034, 2023 WL 4851893, at *12 (N.D. Tex. July 28, 2023). Parties cannot—as the Government has done here—use the transfer statute to shop for a forum they perceive likely to yield a better outcome based on more favorable law. The Supreme

Court has expressly instructed that 28 U.S.C. "§ 1404(a) should not create or multiply opportunities for forum shopping." *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990); *see also Rusesabagina v. GainJet Aviation S.A.*, No. 5:20-CV-01422, 2023 WL 4853402, at *6 (W.D. Tex. July 28, 2023) (citing *Ferens* in holding that "[t]ransferring this case to the D.D.C. based on its more expansive view of personal jurisdiction would permit the very kind of post-filing forum shopping § 1404 was intended to prevent"). "Section 1404(a) is meant to be a 'judicial housekeeping measure' rather than a 'forum-shopping instrument.'" *Michigan Welfare Rights Org. v. Trump*, 600 F. Supp. 3d 85, 98 (D.D.C. 2022) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 636 (1964)).

This is even more true when there has been an adverse ruling that the party seeking transfer hopes to evade. Clearly, "[f]orum shopping efforts pursued by awaiting a decision relevant to the merits and then bypassing or filing a motion to transfer should not be rewarded with success." *In re New York Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993). Because "[o]nly a neutral reason—one not designed to favor one party over another—can justify a transfer," transfer should not be granted at the behest of a party against whom an adverse ruling has been handed down. *Cohen v. Waxman*, 421 Fed. Appx. 801, 803–04 (10th Cir. 2010) ("Only now that [plaintiff] knows that he will lose in [the original] forum does he seek another. But the law rarely favors two bites at the apple."); *Utterback v. Trustmark Nat'l Bank*, 716 Fed. Appx. 241, 245 (5th Cir. 2017) ("[I]t would emphatically not serve the interest of justice to allow [plaintiff] to take a second 'bite[ ] at the apple' in Florida, just after learning that he would lose in Mississippi.") (citing *Cohen*, 421 Fed. Appx. at 803). Thus, when a transfer motion is made under the pretense of convenience to the parties but "the true motivation behind it is 'judge-shopping,'" the "obviously improper motivations provide an adequate basis for denying the motion [to transfer] in its entirety."

*Williams Advanced Materials, Inc. v. Target Tech. Co.,* No. 1:03-CV-276, 2007 WL 2245886, at *6 (W.D.N.Y. Aug.1, 2007).

The Government attempts to refute that the transfer order is unprecedented because it followed such extensive effort, analysis, and rulings by the Fifth Circuit. Opp. at 8 (citing *FTC v. IAB Marketing Associates*, 746 F.3d 1228, 1231–32 (11th Cir. 2014); *Jones v. InfoCure Corp.*, 310 F.3d 529, 532–33 (7th Cir. 2002); and *Valley Community Preservation Commission v. Mineta*, 231 F. Supp. 2d 23, 29–43, 48 (D.D.C. 2002)). But the cases the Government cites only reinforce how unprecedented transfer after a circuit court so thoroughly grapples with the merits would be. Each of the cited cases considered a scenario where a district court voluntarily relinquished control over a case after *itself* ruling on a request for a preliminary injunction (and two of the three denied injunctive relief). That is entirely different than the situation here, where the **Circuit Court** ordered entry of a preliminary injunction—in a published opinion evaluating and resolving nearly every threshold and merits issue in the case—only for the district court to then transfer the case across the country. And, without a stay and an opportunity for the Fifth Circuit to review the transfer order, the transfer order would deprive the Court that has most familiarity with the merits of this case to decide whether it should retain jurisdiction.

The Government also argues that language in the Fifth Circuit's mandate and opinions directing *this Court* to engage in further proceedings in this case on remand and contemplating a return to the Fifth Circuit panel deciding the case thereafter was inadvertent loose terminology and no reason to hesitate transferring the case. Opp. at 8-9. That position is difficult to square with the plain text of those documents. But even indulging the Government's argument for a moment, the Fifth Circuit should be allowed to weigh in on any serious question regarding the interpretation of its opinion and mandate. After all, as the Plaintiffs explained in their motion, there can be no

8

question that a Circuit Court "retains a residual jurisdiction to enforce its mandate," *Int'l Union v. OSHA*, 976 F.2d 749, 750 (D.C. Cir. 1992), and "has the authority, through the process of mandamus, to correct any misconception" with it. *Off. of Consumers' Counsel v. FERC*, 826 F.2d 1136, 1140 (D.C. Cir. 1987).

Finally, the Government repeats its theory that because two of thirteen plaintiffs are located in Washington, D.C., the Court can "disregard" the serious injuries befalling the many trader and academic plaintiffs located in this district. As the Fifth Circuit has already made clear, the injuries to traders are serious and the Government's failure to grapple with them was a particular source of illegality in the CFTC's efforts to close the market. *Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627, 640–44 (5th Cir. 2023).

The local interest factor weighs heavily in favor of transfer only when there is *no* relevant factual connection to the transferor district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317–18 (5th Cir. 2008) (en banc). While this Court stated that the D.C.-based plaintiffs may suffer greater economic harm than those in Texas, the amount of money that one stands to gain or lose in the litigation is not a proxy for the "connections between a particular venue and the events that gave rise to a suit," *Def. Distributed*, 30 F.4th at 435, or whether the citizens of one district have a greater "stake" in the litigation than the citizens of the other district. *See Volkswagen*, 545 F.3d at 318.

For all of these reasons, the Government's substantive arguments against a stay should not dissuade this Court from taking actions to pause the transfer, including requesting return of the case from the District of Columbia and then staying the transfer order to permit appellate review.

Respectfully submitted,

*/s/ Michael J. Edney*

Michael J. Edney
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
T: (202) 778-2204
medney@huntonak.com

John J. Byron
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, Illinois 60606
T: (312) 577-1300
jbyron@steptoe.com

*Attorneys for Plaintiffs Kevin Clarke, Trevor Boeckmann, Harry Crane, Corwin Smidt, Aristotle International, Inc., Predict It, Inc., Michael Beeler, Mark Borghi, Richard Hanania, James D. Miller, Josiah Neeley, Grant Schneider, and Wes Shepherd*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 25, 2024, a copy of the foregoing was filed electronically and was served on counsel of record through the Court's electronic case filing/case management (ECF/CM) system.

                   */s/ Michael J. Edney*
                   Michael J. Edney