IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN CLARKE, ET AL., | § | NO. 1:22-CV-909-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMODITY FUTURES TRADING | § | |
| COMMISSION, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER DENYING MOTION FOR THIS COURT TO REQUEST RETURN OF
THE CASE FROM THE DISTRICT OF COLUMBIA

The matter before the Court is Plaintiffs' Motion for this Court to
Request Return of the Case from the District of Columbia.  (Dkt. # 67.)  Defendant
Commodity Futures Trading Commission ("CFTC") filed a response in opposition
on January 26, 2024 (Dkt. # 68), and Plaintiffs filed their reply on January 29,
2024 (Dkt. # 69).  After careful consideration of the matters raised in the motion,
the Court will **DENY** Plaintiff's request.

BACKGROUND

The background facts of this case are fully discussed in the Court's
Order Granting Motion to Transfer Venue of this case to the U.S. District Court for
the District of Columbia.  (Dkt. # 61.)  In that Order, filed on January 16, 2024, the
Court transferred venue of this case to the D.C. District because the Court

determined that the public interest factors weighed heavily in favor of a transfer to that district.  (Id.)  Thereafter, the Clerk of Court transferred this case to the D.C. District Court and the case was terminated in this district.

On January 20, 2024, Plaintiffs filed a motion to stay that transfer on the basis that they intended to file a petition for writ of mandamus to the Fifth Circuit Court of Appeals, seeking to reverse this Court's decision to transfer the case.  (Dkt. # 63.)  On January 25, 2024, the Court denied that request because it no longer has jurisdiction of this case.  (Dkt. # 66.)

On January 25, 2024, Plaintiffs filed an unusual request for this Court to request that the D.C. District Court return this case to this Court to allow the Fifth Circuit to weigh-in on the case's transfer.  (Dkt. # 67.)  The CFTC opposes this request.  (Dkt. # 68.)

ANALYSIS

Plaintiffs request that the Court "should promptly seek return of the case from Washington and stay the transfer order."  (Dkt. # 67 at 2.)  Plaintiffs further maintain that the transfer in this case "raises substantial questions, such that a request to return the case to this Court and stay of transfer is warranted."  (Id. at 5.)  The Court disagrees.

As an initial matter, the Court feels compelled to correct a misstatement in Plaintiffs' motion.  Plaintiffs state that "the parties are not privy to

2

any communications between the clerk's office of this Court and that of the federal court in Washington, D.C." in regard to whether the "administrative steps of transferring the case to Washington have been completed." (Dkt. # 67 at 2, n.1.) This Court too is not privy to any communications regarding the Clerk's office and the D.C. District Court. The Court noted in its Order denying the motion to stay the transfer that, "[t]he case was docketed in the transferee court on January 19, 2024." (See Case No. 1:24-cv-167-JMC (D.D.C.).) The Court only found this information after conducting its own CM/ECF search of the case in the D.C. District Court. Certainly, the parties would have the ability to find the same information and come to the same conclusion that transfer of the case was completed on January 19, 2024.

Next, Plaintiffs cite a case from the Eighth Circuit, written in 1982, which suggests that a district court should stay its own transfer order so that an appellate court could review that order. (Dkt. # 67 at 2–3 (citing In re Nine Mile, Ltd., 673 F.2d 242, 243 (8th Cir. 1982).) Plaintiffs also cite two Fifth Circuit cases which they argue demonstrate that "it is proper to request return of a case to facilitate appellate review and to use mandamus to force such requests when a district court is unwilling." (Id. at 3 (citing In re Red Barn Motors, Inc., 794 F.3d 481, 484 & n.6 (5th Cir. 2015); Def. Distributed v. Bruck, 30 F.4th 414, 424 (5th Cir. 2022).)

Assuming without deciding that these cases stand for these propositions, the Court here questions Plaintiffs' own procedural choices which put them in the position they now face.  Certainly, if Plaintiffs felt that transfer of this case to the D.C. District Court was a "miscarriage of justice," why did they not immediately seek to stay the transfer and ask *this* Court to reconsider its decision.  As noted in the order denying the stay of transfer, it appears that Plaintiffs waited over two days to seek any action to stay the transfer.  (See Dkts. ## 62, 63, 66.)  And, instead of asking for reconsideration of that Order in *this* Court pursuant to Rule 60, Plaintiffs state that they wish to go directly to the appellate court for mandamus review of the Order.

In any case, the Court disagrees with Plaintiffs that a stay is warranted because the parties have presented "a substantial case on the merits" concerning a "serious legal question."  (See Dkt. # 67 at 6.)  Plaintiffs seem to rest on the Fifth Circuit's opinion in this case which remanded the case to this Court with instructions to enter a preliminary injunction, which the Court immediately did.  See Clarke v. CFTC, 74 F.4th 627 (5th Cir. 2023).  Plaintiffs argue that this Court should retain jurisdiction of the case because the Fifth Circuit, "in a published opinion evaluat[ed] and resolv[ed] nearly every threshold and merits issue in the case." (Dkt. # 67 at 8.)  First, the Court points out that the Fifth Circuit had opportunity to review only the arguments raised in Plaintiffs' motion for

4

preliminary injunction, not the benefit of a fully developed record.  "Because of the limited scope of review and because the fully developed factual record may be materially different from that initially before the district court," an appellate court's disposition on a preliminary injunction may "provide little guidance as to the appropriate disposition on the merits of the case." <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1003 (9th Cir. 2012) (quoting <u>Sports Form, Inc. v. United Press Int'l, Inc.</u>, 686 F.2d 750, 753 (9th Cir. 1982)).

Furthermore, the substance of the Fifth Circuit's opinion, with both its concurrence and dissent, suggests that Plaintiffs' ultimate ability to prevail in this lawsuit may not be so firm and determined as Plaintiffs believe.  Indeed, Judge Ho concurred in the case only after noting that "Plaintiffs' theory of final agency action admittedly conflicts with the precedents of our sister circuits," and that to his knowledge, no other "circuit has held that a no-action letter or its withdrawal is sufficient to constitute 'final agency action' under the Administrative Procedure Act," and that some circuits have held opposite.  <u>Clarke</u>, 74 F.4th at 664 (Ho, J. concurring).  Nevertheless, Judge Ho concurred because the matter was only at the court pursuant to a request for preliminary injunction for which he noted that

> "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." <u>Univ. of Tex. v. Camenisch</u>, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). "[F]indings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on

the merits." Id. See also Feds for Medical Freedom v. Biden, 63 F.4th 366, 389 (5th Cir. 2023) ("We hasten to emphasize that this case only involves a preliminary injunction.").

Id.

Additionally, Judge Graves issued a strong dissent in the case, stating that "I am not convinced that Appellants have satisfied this high burden.  In my view, Appellants have failed to demonstrate a substantial likelihood that they will prevail on the merits, as there is no final agency action in this case."  Id. at 645 (Graves, J., dissenting).  Among others, Judge Graves stated that he is "not persuaded that [the Fifth Circuit] should be the first court to draw the conclusion that a 'no-action letter' constitutes 'final agency action,' and so he "respectfully dissented."  Id. at 646.  Given the uncertainty expressed by the *majority* of the three-judge panel in the Fifth Circuit's opinion on the preliminary injunction, the Court disagrees with Plaintiffs that the Fifth Circuit "substantially resolved nearly every threshold and merits issue in the case," and that this Court's transfer of the case was therefore "unprecedented."  (See Dkt. # 63 at 3.)

The Court also notes that after it issued the preliminary injunction pursuant to the Fifth Circuit's ruling, Plaintiffs filed a second amended complaint which substantially changes and expands the facts upon which the Fifth Circuit was able to consider in this case.  (See Dkt. # 55.)  The second amended complaint adds allegations, legal contentions, and requests relief with respect to an additional

DMO letter issued to Victoria University in March 2023.  (Id.)  Thus, the amended

complaint raises other factual, legal and practical issues beyond the earlier

complaints in this case.  (See id.)  Therefore, the matters upon which the Fifth

Circuit entered its Order have changed such that appellate review now would not

be the same.

And in any case, and more importantly to this Court in denying the

motion to transfer venue, the undersigned never had an opportunity to consider the

merits of the preliminary injunction, so it curious to this Court why Plaintiffs are

fighting so hard to keep venue here.  Had the district judge originally assigned to

this matter had the opportunity to consider this case—with the benefit of a less

congested docket—it is likely this case would have already been transferred to the

D.C. District Court prior to Plaintiffs' appeal to the Fifth Circuit, given the

Magistrate Judge's original recommendation to transfer this case.  (See Dkt. # 31.)

What is more, the Court finds Plaintiffs' arguments that the CFTC seeks to forum

shop a bit of a contradiction given that Plaintiffs, at nearly every opportunity, have

attempted to appeal this Court's orders (or inaction given the congested docket) to

the Fifth Circuit, suggesting their own preferred forum.

All this to say, the Court still finds venue in the D.C. District the most

appropriate for this case to proceed pursuant to 28 U.S.C. § 1404(a)—if the Court

was even a bit unsure, it would grant Plaintiffs' request to transfer the case back.

7

But the Court is firm in its belief that the D.C. District Court is now the appropriate

venue for this case.[1]  The Court will therefore decline to request a transfer of this

case from the D.C. District Court.

CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to for

this Court to Request Return of the Case from the District of Columbia.  (Dkt.

# 67.)

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, February 1, 2024.

_____
David Alan Ezra
Senior United States District Judge

---

[1] The Court notes that the D.C. District Court is currently considering at least one
other similar case against the CFTC, which is assigned to the same judge as is this
case.  Certainly, for convenience, consistency and judicial economy, the D.C.
District Court is now in a better position to consider the merits of Plaintiffs'
arguments.  See KalshiEx, LLC v. CFTC, 1:23-cv-03257-JMC (D.D.C. 2023).