# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN CLARKE, TREVOR BOECKMANN, HARRY CRANE, CORWIN SMIDT, PREDICT IT, INC., ARISTOTLE INTERNATIONAL, INC., MICHAEL BEELER, MARK BORGHI, RICHARD HANANIA, JAMES MILLER, JOSIAH NEELEY, GRANT SCHNEIDER, and WES SHEPHERD, <br><br> *Plaintiffs*, <br><br> v. <br><br> COMMODITY FUTURES TRADING COMMISSION, <br><br> *Defendant*. | Civil Docket No. 1:24-cv-00167-JMC <br><br> The Honorable Jia M. Cobb |

**DEFENDANT CFTC'S CONDITIONAL MOTION TO STAY PROCEEDINGS AND ORDER BRIEFING BEFORE ANY RETRANSFER IN THE EVENT THIS COURT RECEIVES A REQUEST FOR RETRANSFER OF THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

This case was originally filed in the United States District Court for the Western District of Texas but that court determined, under 5 U.S.C. § 1404(a), that venue was more appropriate in the District of Columbia and ordered the case transferred to this Court, where it was docketed on January 19th of this year. As the Court may be aware, the Plaintiffs have filed a petition in the United States Court of Appeals for the Fifth Circuit asking the Fifth Circuit to issue a writ of mandamus directing the District Court for the Western District of Texas to request a retransfer of this case back to the Western District of Texas. *See In re: Clarke*, No. 24-50079 (5th Cir.)  As of this filing, the Fifth Circuit has not yet ruled on the petition. The CFTC hereby moves this

Court, in the event it receives a request to retransfer, to stay proceedings in this case and order briefing on the issue of retransfer before it determines whether to retransfer the case. This procedure would facilitate an orderly and well-informed decision before the Court acts on such a request, in the event one is made. Counsel for the CFTC has conferred with counsel for Plaintiffs by email and been advised that Plaintiffs oppose this motion. The background and grounds for this motion are as follows.

On January 16, 2024, the United States District Court for the Western District of Texas ordered this case transferred to the United States District Court for the District of Columbia. Dkt. 61.[1] The file was transferred and the case was docketed in this Court on January 19, 2024. Dkt. 62. Following the transfer, Plaintiffs moved the Western District of Texas to stay the transfer, which was denied on jurisdictional grounds; and to request retransfer, which was denied on the merits. *See Clarke v. Commodity Futures Trading Comm'n*, No. 22-cv-909, Dkt. 63, 66, 67, 70 (W.D. Tex.). On February 2, 2024, Plaintiffs filed a petition for a writ of mandamus with respect to the transfer in the United States Court of Appeals for the Fifth Circuit. *In re: Kevin Clarke*, No. 24-50079, Dkt. 4 (5th Cir). The Plaintiffs' pending petition asks the Fifth Circuit to immediately direct the Western District of Texas to request retransfer of this case back to the Western District of Texas and, after that, reverse the original transfer order on the merits. *Id*.

On February 2, 2024, the Fifth Circuit invited a response to Plaintiffs' petition for writ of mandamus from both the District Court Judge for the Western District of Texas and the CFTC. *In re: Clarke*, No. 24-50079, Dkt. 13 (5th Cir.). On February 6th, the Honorable Judge David

---

[1] References to Dkt. are to numbered entries in the docket in this Court unless otherwise specified. Docket numbers through Dkt. 61 have been carried over from the docket in the Western District of Texas.

2

Ezra filed a four-page Supplemental Response explaining that the decision to transfer the case to the District of Columbia was based on "a finding by this Court that the public interest factors, particularly the Court's congestion and the lack of localized interests in the Austin Division for the Western District of Texas, weighed heavily in favor of the case's transfer." *Id*., Dkt. 21, pp. 1-2.

On February 9, the CFTC filed its Response in Opposition to the Plaintiffs' petition. *Id*. at Dkt. 24. Subsequently, the Plaintiffs sought leave to file a reply, which was granted on February 19, 2024. *Id*. at Dkt. Nos. 27, 29, 34, 35. The following day, on February 20, the CFTC sought leave to file a sur-reply, which was granted on February 21. *Id*. at Dkt. Nos. 37, 42. As of the filing of this Conditional Motion, the Fifth Circuit has not yet ruled on the Plaintiffs' petition for writ of mandamus.

Under Fifth Circuit precedent, the Court of Appeals for the Fifth Circuit lacks jurisdiction to order this Court to retransfer a case and, if it concludes that the transfer was erroneous, can only direct the Western District of Texas to request retransfer back to that court. *Def. Distrib. v. Bruck*, 30 F.4th 414, 423-24 (5th Cir. 2022). A transferee court that receives a request for retransfer is not required to comply with the request but must make an independent determination of the merits of the transfer. *See Def. Distrib. v. Platkin*, 2022 WL 14558237 at *4-*5 (D.N.J. Oct. 25, 2022); *Def. Distrib. v. Platkin*, 617 F. Supp. 3d 213, 240-41 (D.N.J. 2022).

For these reasons, the CFTC respectfully requests that, in the event this Court receives a request for retransfer, it stay these proceedings and order briefing from the parties on the issue of retransfer to the Western District of Texas before taking any action in response to the request.

3

## CONCLUSION

In the event this Court receives a request to retransfer this case back to the Western District of Texas, it should stay proceedings and order briefing before taking any action on the request.

          Respectfully submitted,

          /s/ *Martin B. White*
          Robert A. Schwartz (D.C. Bar No. 489240)
           *General Counsel*
          Anne W. Stukes (D.C. Bar. No. 469446)
           *Deputy General Counsel*
          Martin B. White (D.C. Bar. No. 221259)
           *Senior Assistant General Counsel*
          U.S. COMMODITY FUTURES TRADING COMMISSION
          Three Lafayette Centre
          1155 21st Street, N.W.
          Washington, DC  20581
          Phone:  (202) 993-1390
          Fax:  (202) 418-5567
          mwhite@cftc.gov

## CERTIFICATE OF SERVICE

I certify that on February 21, 2024, I caused the foregoing document to be served on the Clerk of the Court using the Court's CM/ECF system, which will send notice to all counsel of record in this case.

/s/ <i>Martin B. White</i><br>
Martin B. White

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN CLARKE, TREVOR BOECKMANN, HARRY CRANE, CORWIN SMIDT, PREDICT IT, INC., ARISTOTLE INTERNATIONAL, INC., MICHAEL BEELER, MARK BORGHI, RICHARD HANANIA, JAMES MILLER, JOSIAH NEELEY, GRANT SCHNEIDER, and WES SHEPHERD,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMODITY FUTURES TRADING COMMISSION,<br><br>*Defendant*. | Civil Docket No. 1:24-cv- 00167-JMC<br><br>The Honorable Jia M. Cobb |

**[PROPOSED] ORDER GRANTING CFTC'S CONDITIONAL MOTION TO STAY PROCEEDINGS AND ORDER BRIEFING BEFORE ANY RETRANSFER IN THE EVENT THIS COURT RECEIVES A REQUEST FOR RETRANSFER OF THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

For the reasons stated in the CFTC's Conditional Motion to Stay Proceedings and Order Briefing Before Any Retransfer in the Event this Court Receives a Request for Retransfer of this Case to the United States District Court for the Western District of Texas, filed on February 22, 2024, the Court grants the motion and **ORDERS** that, if the Court receives a request for retransfer:

(1) The Court will, at that time, stay proceedings in this case and take no action on the request until the parties have had an opportunity to brief the issue of retransfer and this Court has issued a ruling on retransfer after briefing.

(2) The Court will, at that time, schedule briefing on the issue of retransfer.

**IT IS SO ORDERED.**

**DATED:**_____                           _____
                                                                                   Jia M. Cobb
                                                                                   United States District Judge

2

Case 1:24-cv-00909-JMC   Document 63-1   Filed 02/21/24   Page 2 of 7